UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITIZEN DEVELOPER, LLC, | Case No. 1:23-CV-00564-JPW |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| SYSTEM SOFT TECHNOLOGIES, INC., | Hon. Jennifer P. Wilson, U.S.D.J. |
| Defendant. | |

## ANSA ASSUNCAO LLP AND MAYER LLP'S
## JOINT MOTION TO WITHDRAW AS COUNSEL OF RECORD

COME NOW, Ansa Assuncao, LLP and Mayer, LLP (collectively "Defense Counsel"), and file this Motion to Withdraw as Counsel of Record for Defendant System Soft Technologies, Inc. ("SST") pursuant to Local Rule 83.15 and Rule 1.16 of the Pennsylvania Rules of Professional Conduct, requesting that the Court enter an order permitting Defense Counsel to withdraw as counsel of record for Defendant System Soft Technologies, Inc., and in support thereof, respectfully shows the following[1]:

1.    Defendant System Soft Technologies is currently represented by Ryan R. Corkery of Ansa Assuncao, LLP and Trent Rexing of Mayer, LLP.

---

[1] Defense Counsel will submit a brief in support of this Motion within 14 days of the filing of this Motion pursuant to Local Rule 7.5, unless this Court decides one is not needed.

1

2. SST and Mayer, LLP have had an ongoing relationship for years, and Mayer, LLP has represented SST in a number of legal matters. Throughout the course of that relationship, SST has ordinarily been prompt with both communications and payments to Mayer, LLP for the legal representation provided.

3. Recently, however, SST underwent a change in ownership within the company. *See* Declaration of Trent Rexing dated February 2, 2026 ("Rexing Decl."), attached hereto as "Exhibit A" at ¶5. Since this change in ownership, SST has become unresponsive to Mayer, LLP's communications and requests, and has ceased payment of Defense Counsels' fees, incurred costs, and expert witness fees. *See id*.

4. Because of this, representation of SST has become unreasonably difficult and being required to continue this representation will result in an unreasonable financial burden on Defense Counsel.

5. Accordingly, Defense Counsel respectfully requests that this Court grant Defense Counsel's Motion to Withdraw as Counsel of Record.

6. The Middle District of Pennsylvania adopted the Pennsylvania Rules of Professional Conduct, which are dispositive on the instant Motion to Withdraw as Counsel of Record. *Weil v. White*, No. 4:12-CV-00413, 2013 WL 5638607, at *1 (M.D. Pa. Oct. 16, 2013) (citing Local Rule 83.23.2; PA. RULES OF PROF'L CONDUCT R. 1.16).

7. Rule 1.16(b)(5)&(6) state, "a lawyer may withdraw from representing a client if: . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" and "(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." PENN. R. PROF. COND. 1.16(b)(5)&(6).

8. SST currently has a significant past due balance owed to Mayer, LLP on unpaid invoices for attorneys' fees and costs, in the total amount of well over six-figures. *See* Exhibit A at ¶6. The last payment made by SST to Mayer, LLP was May 22, 2025. Although local counsel Ansa Assuncao LLP does not currently have any balance due from SST or unpaid invoices, that is because Mayer, LLP has advanced payment to Ansa Assuncao LLP, which amounts are also owed to Mayer, LLP from SST. *See id.*; *see also* Declaration of Ryan Corkery dated February 2, 2026 ("Corkery Decl."), attached hereto as "Exhibit B" at ¶ 8–9. Moreover, SST also has failed to pay invoices for expert witness fees totaling over six-figures, not including retroactive finance fees. *See* Exhibit A at ¶8.

9. On December 19, 2025—in addition to multiple other instances—Mayer, LLP communicated with SST and explained SST's ongoing failure to fulfill its obligation to Defense Counsel to timely communicate and pay their fees, and provided a reasonable warning that Defense Counsel will withdraw unless the

obligation is fulfilled. *See id.* at ¶9. SST did not provide a response. *See id.* As such, Defense Counsel has grounds to withdraw as counsel of record pursuant to Rule 1.16(b)(5).

10. Ansa Assuncao also made it clear to Mayer, LLP that the repeated delays of payments by SST for Ansa Assuncao's local counsel invoices were concerning and would result in withdrawal as local counsel if not remedied, so Mayer, LLP paid a number of Ansa Assuncao's invoices directly so as to avoid local counsel being forced to withdrawal at an earlier time. *See* Exhibit B at ¶¶8–9. But now that SST has ceased payments altogether, Mayer, LLP cannot continue this trend of paying local counsel's fees and relying on an unsupported hope that SST would eventually reimburse Mayer. And moving forward, both Mayer, LLP and Ansa Assuncao, LLP have significant concerns whether *any* payments will be made on any additional work performed in this case.

11. Moreover, SST's nonpayment of fees and lack of communication has and will continue to result in not only an unreasonable financial burden on Defense Counsel, but representation itself has now been rendered unreasonably difficult. Trial is currently set for April 6, 2026. With approximately three months left before trial begins, the amount of preparation that will be required of Defense Counsel— and the costs and fees associated therewith—will increase drastically. Defense Counsel anticipates that it would incur again over six-figures in additional defense

4

costs and fees to prepare for and attend trial. With no guarantee that SST will pay for any of these costs and fees, in addition to the fees already outstanding, continued representation will result in extreme financial burden on Defense Counsel. Likewise, since there is over a six-figure balance currently owed by SST in expert witness fees, Defense Counsel's ability to defend SST will be significantly impaired if the expert witness does not testify.

12.     This extreme financial hardship on Defense Counsel is a "compelling reason in favor of withdrawal", as courts have acknowledged. *See Loften v. Diolosa*, CV 3:05-1193, 2016 WL 3090399, at *2–3 (M.D. Pa. June 2, 2016) (citing *Buschmeier v. G&G Invs. Inc.*, 222 Fed.Appx. 160, 164 (3d Cir. 2007)).

13.     Not only does the financial burden and lack of an expert witness significantly impair Defense Counsel's ability to effectively represent SST, SST's lack of communication with Defense Counsel is an even further impairment to effective representation. Mayer, LLP has attempted to make contact with SST on numerous occasions, with the only responses made by SST being unfulfilled promises to set up future meetings with Mayer, LLP to discuss the obligations and representation. *See* Exhibit A at ¶7. Without prompt and consistent responses from Defense Counsel's client, preparing for trial will be rendered virtually impossible.

14.     Due to SST's lack of communication and failure to pay Defense Counsel's costs and fees associated with this case, continued representation will

5

result in an unreasonable financial burden on Defense Counsel and the representation has been rendered unreasonably difficult. Therefore, a withdrawal is permitted under Rule 1.16(b)(6) as well.

15. Lastly, while SST has already been made aware of Defense Counsel's intent to withdraw, Mayer, LLP also sent a formal letter of withdrawal to SST on February 2, 2026, whereby Defense Counsel listed all of the relevant dates and deadlines remaining in the case, and informed SST of the risks involved if the deadlines are not complied with and if SST does not find new counsel to represent it. *See February 2, 2026 Notice of Withdrawal*, attached hereto as "Exhibit A-1."

16. For the reasons discussed above, Defense Counsel respectfully requests that the Court grant this Joint Motion to Withdraw as Counsel of Record for Defendant System Soft Technologies, Inc.

    Respectfully submitted,

    **ANSA ASSUNCAO LLP**

By:   */s/ Ryan R. Corkery*
      Ryan R. Corkery
      State Bar No. 200570
      ryan.corkery@ansalaw.com
      1255 Drummers Lane, Suite 300
      Wayne, PA 19087
      Telephone: (267) 528-0750
      Facsimile: (267) 528-0726

    - and –

**MAYER LLP**
Trent W. Rexing (Specially Admitted)
trexing@mayerllp.com
Texas Bar No. 24079197
750 North St. Paul, Suite 700
Dallas, Texas  75201
Telephone: (214) 379-6900
Facsimile: (214) 487-2000

***Attorneys For Defendant System Soft Technologies, Inc.***

## CERTIFICATE OF SERVICE

I certify that Defense Counsel's Joint Motion to Withdraw as Counsel of Record was served via the Electronic Case Filing System this 2nd day of February, 2026, upon the following:

M. Kelly Tillery
Bijan K. Ghom
SAXTON & STUMP, LLC
230 South Broad Street, Suite 1100
Philadelphia, PA 19102
ktillery@saxtonstump.com
bkg@saxtonstump.com

            By: */s/ Ryan R. Corkery*
               Ryan R. Corkery